IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAYMUNDO CHAVEZ-AVILA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br>Civil Case No. 2:09-CV-951 TS<br><br>Criminal Case No. 2:05-CR-902 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1]Case No. 2:09-CV-951 TS, Docket No. 1.

1

## I. BACKGROUND

Petitioner was indicted on December 15, 2005, for illegal reentry following deportation in violation of 8 U.S.C. § 1326.[2] Defendant entered a guilty plea on June 20, 2006, and was sentenced on the same date to 70 months imprisonment.[3] Judgment was entered on June 21, 2006.[4] Petitioner appealed and his conviction was affirmed on February 2, 2007.[5] Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on June 11, 2007.[6] Petitioner filed the instant Motion on October 23, 2009.

## II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[7] Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Case No. 2:05-CR-902 TS, Docket No. 1.

[3] Case No. 2:05-CR-902 TS, Docket No. 20.

[4] Case No. 2:05-CR-902 TS, Docket No. 21.

[5] Case No. 2:05-CR-902 TS, Docket No. 37.

[6] Case No. 2:05-CR-902 TS, Docket No. 39.

[7] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[8]

As set forth above, Petitioner's judgment became final on June 11, 2007, when the United States Supreme Court denied his petition for certiorari.[9] Thus, under § 2255(f)(1), Petitioner's Motion is untimely. Petitioner does not argue that either § 2255(f)(2) or (f)(3) are applicable. Petitioner does, however, argue that his claim relies on newly discovered evidence. Construing this as an argument that his Motion is timely under § 2255(f)(4), it must be rejected.

Section 2255(f)(4) provides that limitations period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Here, Petitioner could have discovered, through the exercise of due diligence, the facts to support his claim prior to the date his conviction became final. Petitioner specifically complains that his counsel misrepresented how his prior conviction would impact his sentence and that his prior convictions were improperly calculated into his criminal history score. This is not "newly discovered evidence." Petitioner was present at the change of plea and sentencing hearing and was assisted by an interpreter at that hearing.[10] At the hearing, Petitioner stated that he had an opportunity to discuss the case against him with his attorney;[11] that he was

---

[8]28 U.S.C. § 2255(f).

[9]*See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

[10]Case No. 2:05-CR-902 TS, Docket No. 34. at 3.

[11]*Id*. at 5.

satisfied with his counsel;[12] and that he had read the plea agreement, discussed it with his counsel, and understood the agreement.[13] Petitioner also stated that a copy of the presentence report had been made available to him and that he had discussed it with his counsel.[14] Further, Petitioner had access to transcript of the change of plea and sentencing hearing as early as September 11, 2006,[15] nearly one year before his conviction became final. Thus, the Court finds the facts supporting the claims presented in Petitioner's Motion could have been discovered through the exercise of due diligence prior to the date his conviction became final. Therefore, § 2255(f)(4) does not apply and Petitioner's Motion is time barred.

The one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances."[16] This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."[17] Petitioner has the burden of establishing that equitable tolling should apply.[18]

---

[12]*Id.*

[13]*Id.* at 11.

[14]*Id.* at 17.

[15]Case No. 2:05-CR-902 TS, Docket No. 34.

[16]*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[17]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[18]*Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Petitioner has not met his burden here. As discussed above, Petitioner was present at the change of plea and sentencing hearing and was assisted by an interpreter at that hearing. Further, the transcript to the change of plea hearing was available to Petitioner as early as September 11, 2006.[19] Petitioner has pointed to no extraordinary circumstances beyond his control which prevented him from raising the issues raised in his Motion previously. Petitioner only states that he did not have the transcript translated until two months before filing the instant Motion. He provides no reason for this delay. Therefore, the Court finds that the statute of limitations should not be equitably tolled here.[20]

### III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:09-CV-951 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:09-CV-951 TS forthwith.

SO ORDERED.

---

[19] Case No. 2:05-CR-902 TS, Docket No. 34.

[20] *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (rejecting petitioner's argument that limited proficiency in English language constituted extraordinary circumstances warranting equitable tolling)

DATED   August 26, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge